IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ann Pincelli,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Standard Life Insurance Company,<br><br>Defendant. | C/A No.: 3:23-cv-3548-SAL<br><br>**ORDER** |

Ann Pincelli filed this Employee Retirement Income Security Act ("ERISA") case in July 2023 against Reliance Standard Life Insurance Company ("Reliance Standard") after it denied her claim for long-term disability benefits. *See* ECF No. 1. In August 2026, this court vacated Reliance Standard's decision and remanded this case to Reliance Standard for further proceedings. [ECF No. 56.]

Pincelli now moves to alter or amend this court's order remanding the case. [ECF No. 59.] Specifically, she asks the court to direct Reliance Standard to complete its review within a certain time period, to retain jurisdiction over this matter, and to consider her motion for attorney's fees in the interim. [ECF No. 59.] Reliance Standard opposes Pincelli's motion, arguing it is largely moot. [ECF No. 61.] From the parties' briefing, the court recognized that Reliance Standard's review of Pincelli's claim was already in progress at the time of her motion, so the court directed the parties to file a joint status report advising the court of the outcome of the review. *See* ECF No. 67. On November 2, 2026, the parties jointly advised the court that Reliance Standard had completed its review and again denied Pincelli's claim. [ECF No. 68.] They further provided the

court with a proposed schedule for submitting an updated administrative record to the court and for the continued management of this case. *Id.*

The court finds that much of the relief Pincelli seeks in her motion is unnecessary as Reliance Standard expeditiously reviewed and decided her claim, and the short delay was agreed upon by the parties to allow Pincelli to provide additional information. Additionally, there appears to be no real dispute that this court retains jurisdiction as to new arguments related to Pincelli's long-term disability claim following remand. *See Dickens v. Aetna Life Ins. Co.*, 677 F.3d 228 (4th Cir. 2012) (construing a district court's order remanding an ERISA case to the claims administrator as retaining jurisdiction in the district court following disposition of the remand). Thus, the court denies Pincelli's request to amend the order to either set a deadline for Reliance Standard's review or to affirmatively retain jurisdiction of this matter. Nevertheless, the court originally entered a judgment remanding this matter, and it now appears further review by this court will be needed. Because a judgment closing the case is in tension with that further review and could create confusion as to finality, the court will vacate the prior judgment, ECF No. 58, and will stay the case until it is ripe for further review.

The parties have agreed that more time is needed to prepare and file the administrative record and to file motions. *See* ECF No. 68 at 4. The court will separately enter a scheduling order for the continued management of this case. Should the parties resolve this case through mediation or otherwise, they are directed to notify the court.

On the issue of attorney's fees, Pincelli has filed a separate motion requesting such fees. *See* ECF No. 60. The court will address that motion by way of a separate order but declines to do so at this time. The court denies Pincelli's request to incorporate consideration of the attorney's fees into the order remanding this matter.

## CONCLUSION

For the above reasons, Pincelli's motion to amend/correct the court's order and judgment, ECF No. 59, is **DENIED AS MOOT**. To allow for further disposition of this case, the court hereby **VACATES** its judgment remanding this matter, ECF No. 58, and directs the Clerk's Office to reopen and then **STAY** this case.

**IT IS SO ORDERED.**

Sherri A. Lydon

November 10, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge